AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
2/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI  DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
02/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: CLD  DEPUTY

United States of America

v.

OSCAR PARRA-REYES,
 aka "Oscar Parra,"
 aka "Oscar Reyes Parra,"
 aka "Esteban Rocha Perez,"
 aka "Juan Juarez,"
 aka "Oscar Giovanni Parra-Reyes,"

Defendant

Case No. 2:25-mj-00651-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of August 20, 2024 in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Zaira D. Bonilla
Complainant's signature

Zaira D. Bonilla, Deportation Officer
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: February 10, 2025

Judge's signature

City and state: Los Angeles, California

Hon. Maria A. Audero, U.S. Magistrate Judge
Printed name and title

AUSA: Cameron C. Vanderwall (x0647)

**AFFIDAVIT**

I, Zaira D. Bonilla, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Oscar PARRA-REYES, also known as "Oscar Parra," aka "Oscar Reyes Parra," aka "Esteban Rocha Perez," aka "Juan Juarez," aka "Oscar Giovanni Parra-Reyes," charging him with violating Title 8, United States Code, Sections 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS") since September 2015. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field

office.  Prior to working for ICE as a DO, I worked as an Immigration Enforcement Agent with ICE since September 2006.

### III. STATEMENT OF PROBABLE CAUSE

4.  On August 20, 2024, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that PARRA-REYES had been arrested and was in the custody of the El Monte Police Department ("EMPD").  On or about that same day, ICE lodged a DHS Immigration Detainer I-247(A) with EMPD.  EMPD did not honor that detainer, and PARRA-REYES is not currently in custody with EMPD.

5.  Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6.  I also know that when an individual is fingerprinted by ICE (or its predecessor agency, INS), the individual is issued a Fingerprint Identification Number ("FIN").  The FIN is then automatically associated with the individual's A-Number.  In this case, PARRA-REYES' fingerprints were assigned the FIN number 14710166, which was then linked to A-Number 072-894-748 based on prior fingerprints located in the DHS "A-File" bearing the number A072-894-748.

7. On or about August 20, 2024, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with PARRA-REYES' August 20, 2024, arrest, and saw that the FIN associated with the IAQ was FIN 14710166. I thus confirmed that the individual arrested on August 20, 2024, was PARRA-REYES, a previously deported alien.

8. On or about September 27, 2024, I obtained and reviewed DHS A-File A072-894-748 (the "DHS A-File"), which is maintained for the subject alien "Oscar Parra-Reyes." The DHS A-File contained the following documents and information:

    a. Photographs of the subject alien to whom this specific DHS A-File A072-894-748 corresponded. I compared the photographs in the DHS A-File to photographs taken of PARRA-REYES on August 20, 2024, at the time of his booking into EMPD custody. I thus determined that this DHS A-File and its contents corresponded to this defendant.

    b. Four executed Warrants of Removal/Deportation (Form I-205) indicating that PARRA-REYES was officially removed from the United States on or about January 18, 1995, December 30, 1996, March 31, 2000, and November 30, 2006. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrants of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

c. A certified conviction record showing that defendant was convicted on or about February 1, 1993, of Sale/Transportation of Marijuana, in violation of California Health and Safety Code Section 11360(a), in the Superior Court of the State of California, County of Los Angeles, Case Number KA0126238, for which defendant was sentenced to a total term of 2 years' imprisonment.

d. A certified conviction record showing that defendant was convicted on or about September 16, 1998, of Corporal Injury to a Child's Parent, in violation of Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Los Angeles, Case Number KA040952, for which defendant was sentenced to a total term of 3 years' imprisonment.

e. A certified conviction record showing that defendant was convicted on or about May 25, 1994, of Unlawful Sexual Intercourse with a Minor, in violation of Penal Code Section 261.5, in the Superior Court of the State of California, County of Los Angeles, Case Number KA022534, for which defendant was sentenced to a total term of 2 years' imprisonment.

f. A certified conviction record showing that defendant was convicted on or about November 22, 2006, of being a Felon in Possession of Firearm, in violation of Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number KA076216, for which defendant was sentenced to a total term of 135 days' imprisonment.

   g. Various documents, in addition to the Warrants of Removal/Deportation, indicating that defendant is a native and citizen of Mexico. These documents included Orders of the Immigration Judge, dated January 17, 1995, and December 30, 1996, ordering defendant removed to Mexico.

  9. On or about January 28, 2025, I reviewed the printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that defendant had been convicted of the crimes reflected on the documents contained in defendant's DHS A-File.

  10. On or about February 5, 2025, I reviewed the printouts of ICE computer indices on defendant. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrants of Removal/Deportation, found in defendant's DHS A-File. The ICE computer indices further indicated that defendant had not applied for or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

  11. Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever

5

applying for or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. CONCLUSION

12.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 10th day of
February 2025.

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

6